Rehan **MIRZA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, United States Department of Justice, Respondent.

No. 05–5040AG.

United States Court of Appeals, Second Circuit.

April 13, 2006.

---

M. Nawaz Wahla, Hartford, Connecticut, for Petitioner.

Drew H. Wrigley, United States Attorney, District of North Dakota, Kent S. Rockstad, Assistant United States Attorney, Fargo, North Dakota, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

Petitioner, Rehan Mirza, (A79–076–803), petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming the decision of Immigration Judge ("IJ") Matthew J. D'Angelo, rejecting the petitioner's applications for withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

The issue in this case is whether the IJ's findings that Mirza failed to testify credibly and to meet his burden of proof as to his claims for withholding of removal and CAT relief are supported by substantial evidence. Mirza's fear of persecution was based upon an alleged attack and beating that he suffered in 1998 at the hands of two political adversaries and subsequent threats he received over the phone. The IJ based his adverse credibility determination on a number of inconsistencies in Mirza's testimony. Specifically, the IJ found that: (1) although Mirza testified that he was able to recognize his masked attackers from their voices, Mirza testified that only one of the attackers spoke, and it would have been impossible for Mirza to identify his second attacker; and (2) Mirza, in his written submissions, failed to identify his attackers by name. With respect to the police report submitted by Mirza in support of his claim: (1) Mirza provided a different name for the friend who witnessed his beating than the one contained in the police report; (2) Mirza testified that his friend reported the attack to the police, but the police report indicated that Mirza was the complainant; and (3) although Mirza stated that the report was taken in the evening, the report indicated that it was taken in the morning. The IJ

also characterized Mirza's demeanor as evasive and non-responsive. Furthermore, when confronted with these inconsistencies, Mirza failed to give adequate explanations.

Based on these inconsistencies, the IJ's adverse credibility determination is supported by substantial evidence. As part of the heart of Mirza's claim concerns this single event, we find that the IJ's reasons for an adverse credibility determination are "specific, cogent" and bear a "legitimate nexus to the finding." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir. 2004). Accordingly, the IJ correctly denied Mirza's claim for withholding of removal.

Mirza presents no coherent arguments with respect to his CAT claim. Because Mirza did not sufficiently address the denial of his CAT claim before the BIA or in his brief to this Court, any challenge to this form of relief is deemed abandoned and waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (refusing to consider an argument contained in one conclusory statement in petitioner's brief).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.